KILSTEIN & KILSTEIN, L.L.C.
By Richard J. Kilstein, Esq. (RJK 1965)
669 River Drive, Suite 320
Elmwood Park, New Jersey 07407
Attorneys for Chase Manhattan Bank (KCM364)

FILED
JAMES J. WALDRON, CLERK
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: <br><br> OTHMANE BENDAOUD, <br>                            Debtor. <br><br> Case No. CASE NO. 01-30895 (RG) <br><br> CHASE MANHATTAN BANK USA, N.A., <br>                           Plaintiff. <br> v. <br><br> OTHMANE BENDAOUD, <br>                          Defendant. | ADVERSARY PROCEEDING <br> NO. 01-3294 (RG) |

## TRIAL MEMORANDUM

### STATEMENT OF ACTION

Plaintiff, Chase Manhattan Bank USA, N.A., (hereinafter "Chase"), sues the Defendant/Debtor, OTHMANE BENDAOUD, (hereinafter "Defendant"), seeking a determination of nondischargeability of the balance owed on credit card account number 5491-0425-1045-5048 pursuant to 11 U.S.C. §523(a)(2)(a).

### JURISDICTION: VENUE PARTIES

This is an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001 et. seq. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(I). This is a core proceeding. Plaintiff seeks a determination of nondischargeability of its debt pursuant to 11 U.S.C. §523(a)(2).

Defendant is the debtor in this bankruptcy case, having filed a voluntary petition for bankruptcy relief.

Plaintiff is a financial institution which conduct business in interstate commerce. It is in

the business of making unsecured consumer loans.

## FACTUAL ISSUES TO BE DETERMINED AT TRIAL

Defendant's intent while making the charges as well as his practical ability to repay.

## DISCOVERY

Plaintiff served Interrogatories, Requests for Production of Documents, and Requests for Admissions on Defendant on May 24, 2001. Defendant provided responses to the Interrogatories and Admissions but failed to provide the majority of the document requests

## EXHIBITS TO BE INTRODUCED AT TRIAL

- Monthly Statements for the Account (attached).
- The Debtor's Petition and Schedules.
- Defendants response to discovery and such other exhibits as Defendant might provide to Plaintiff in any future responses to discovery prior to trial.

## WITNESSES

- The defendant to this action.
- A representative of plaintiff capable of testifying about the account activity and/or plaintiff will rely upon Requests for Admissions.

## STATEMENTS OF FACTS

On or about September 22, 2000 at a time when there was no outstanding balance on the Account, Defendant began a withdrawal of the authorized $7,000 credit limit by taking a $5,000 cash advance. On September 25, 2000 Defendant took a $2,000 cash advance. Throughout this time period and thereafter Defendant made no payments to Plaintiff on the account and filed for bankruptcy on January 30, 2001, at a time when Defendant owed Plaintiff $7,727.71, including interest accrued up to date of filing.

In his Answers to interrogatories Defendant acknowledges that he first considered filing for bankruptcy in late August, 2000 which was before the charges and that he met with bankruptcy counsel in October, 2000 which places the charges within an effective presumption period.

## LEGAL ARGUMENT

### POINT I

**THE PROOFS SUBMITTED BY PLAINTIFF DEMONSTRATE THAT THE DEFENDANT HAS COMMITTED A FRAUD WHICH WILL RESULT IN THE NON-DISCHARGEABILITY OF THIS DEBT PURSUANT TO 11 U.S.C. §523.**

The proofs submitted by **Chase** demonstrate that defendant has committed a fraud and that his debt with **Chase** is non-dischargeable pursuant to 11 U.S.C. §523 (hereinafter §523). That section states in pertinent part that:

> (a) A discharge under §727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> (2) for money, property, services or an extension, renewal or refinancing of credit to the extent obtained by --
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

11 U.S.C. §523.

It has been stated that in order to prevail under §523(a)(2)(A) that an objecting creditor must prove by a preponderance of the evidence that:

> (1) the debtor made a representation to the creditor; (2) the debtor knows the representation was false at the time it was made; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representation; and (5) that the creditor sustained the alleged loss and damage as a proximate result of the false representation having been made.

Grogan v. Garner, 498 U.S. 279, 287-288, 111 S.Ct. 654, 659-660 (1991). It has further been specifically held by our Supreme court that the common law elements of fraud apply to §523(a)(2)(A). See Field v. Mans - U.S.-, 116 S.Ct. 437 (1995).

As to the first element of fraud noted above, it need be noted that the majority of Courts have adopted the "implied representation" theory when analyzing §523(a)(2)(A). In re: Wong, 207 B.R. 822, 827 (Bankr. E.D. Pa. 1997). The implied representation theory was set forth in

In re: Eashai 87 F.3d. 1082, 1087 (9th Cir. 1996), where the Court stated that "... a credit card holder impliedly represents, upon using the credit card, that he has the ability and intention to pay for the goods or services." In part, this theory was adopted because the credit card transaction, in general, differs from a traditional transaction between a merchant and debtor. In fact, it has been stated that "[t]he difficulty in credit card cases is for the creditor, who typically does not deal face to face with the debtor, to prove the elements of misrepresentation and reliance." In re: Eashai, supra. at 1087; In re: Wong, supra., at 827, fn.4. Based on the foregoing legal principles, it is clear that the plaintiff has met the first element of fraud as it will be assumed that the defendant, in effect, represented when he utilized the card that he had the intent and ability to repay the debt. In fact, in his answers to discovery Defendant acknowledged that Plaintiff justifiably relied upon his implied representation of intent to make repayment.

As to the second element of fraud, **Chase** respectfully submit that at the time that the debtor began to incur the involved charges he knew, or reasonably should have known, that he lacked the personal financial means to make the minimum payments required under the terms of his agreement. See In re: Wong, supra. at 828. More particularly, in the case at bar, according to the defendant's petition his income was not even sufficient to make his minimum payments on even a few of his 20 credit cards upon which he owed $141,451.42. Additionally, in his Answers to interrogatories Defendant acknowledges that he first considered filing for bankruptcy in late August, 2000 which was before he took the $7,000 of cash advances on September 22 and September 25, 2000 and that he met with bankruptcy counsel in October, 2000 which places the charges within an effective presumption period.

As to the third element of a claim for fraud, **Chase** again respectfully submits that the dedendant made the aforesaid representation with the intention and purpose of deceiving **Chase**. While it has been stated that §523(a)(2)(A) requires a creditor to show a debtor's subjective intent not to repay a debt, Field v. Mans - U.S. -, 116 S.Ct. 437, 443 (1995), it has also been noted that

because a debtor will rarely openly admit fraudulent intent, objective criteria may be looked to for circumstantial evidence of the debtor's intent. See, In re: Wong, supra. at 829. In that regard, the most commonly relied upon indicia of fraudulent intent, in the context of credit card non-dischargeability under *Code §523(a)(2)(a)*, are the twelve non-exclusive factors stated in the oft cited opinion In re: Dougherty, 84 B.R. 653 (9th Cir. BAP 1988). See, also In re: Wong, supra. at 829. The twelve Dougherty factors are as follows:

1. The length of time between making the charges and filing for bankruptcy;

2. Whether an attorney had been contacted concerning filing for bankruptcy protection before the charges were made;

3. The number of charges made;

4. The amount of the charges;

5. The financial condition of the debtor at the time the charges were made;

6. Whether the charges exceeded the credit limit of the account;

7. Whether the debtor made multiple charges in the same day;

8. Whether the debtor was employed;

9. The debtor's prospect for employment;

10. The financial sophistication of the debtor;

11. Whether there was a sudden change in the debtor's buying habits; and

12. Whether the purchases were for luxuries or necessities.

In re: Wong, supra. at 829. It has further been noted that, "[T]hese factors are non-exclusive. None is dispositive, nor must a debtor's conduct satisfy a minimum number in order to prove fraudulent intent." In re: Hashemi, 104 F.3d 1122, 1125 (9th Cir. 1996). It has also been stated that, "the foregoing factors are intended to serve merely as an aid in divining the debtor's intent

in the use of a credit card from all the surrounding circumstances when such use of the card prior to bankruptcy is called into question in an action under *§523(a)(2)(A)*." In re: Wong, supra. at 829.

In the case at bar, it is clear that the plaintiff has proven a number of the "Dougherty factors." First, there was no balance owed on the account prior to the contested time period. In addition, defendant's financial condition at the time that the charges was made was quite dire according to his Petition. Defendant acknowledged in his Answers to Interrogatories that he had considered filing for bankruptcy the month before he took the $7,000 of cash advanaces and that he met with bankruptcy counsel during the month after he took the cash advances. Furthermore, this should have been apparent to the debtor when he received his credit card monthly statements which required minimum payments which he could not afford to make. For these reasons, the plaintiff will be able to prove this third element of fraud.

With respect to the fourth element of fraud, it is clear that *§523(a)(2)(A)* requires justifiable, not reasonable reliance. Fields v. Mans, supra. 116 S.Ct. at 445-446. "Justification is the matter of the qualities and characteristics of the particular plaintiff in the circumstances of the particular case rather than of the application of a community standard of conduct to all cases." In re: Wong, supra. at 831. Prior to the charge activity which took place over a period of only 4 days there was no outstanding balance on the account. Defendant has also acknowledged that Plaintiff justifiably relied on his representation of his intent to make repayment. Hence, his excessive use of the credit card in a short period of time could not have been "flagged" by Chase given the history of this account.

Finally, as to the fifth element of fraud, there is no question but that the creditor has sustained damage in that the debt has not been repaid.

For these reasons, it is respectfully submitted that a judgment should be entered against the Defendant finding the debt owed to Plaintiff by Defendant non-dischargeable.

## POINT II

### THE PLAINTIFF HAS DEMONSTRATED, "SUBSTANTIAL JUSTIFICATION" FOR THIS CLAIM PURSUANT TO §523(d).

The test of whether an adversary action is substantially justified is one of reasonableness and the creditor must show that its challenge had a reasonable basis in law and fact. See, In re: Cordova, 153 B.R. 352, 354 (Bankr. M.D. Fla. 1993). See, also In re: Dobbins, 151, B.R. 509 (Bankr. W.D. Mo. 1992). The Court may also review the facts the creditor knew at the time it filed its Complaint alleging dischargeability. See, In re: Kullgren, 109 B.R. 949 (Bankr. C.D. Cal. 1990).

In the case at bar, it is clear that the creditor knew that the defendant could not manage this particular debt at the time that the adversary Complaint was filed as a review of the defendant's bankruptcy Petition makes it clear that his income was not even sufficient to make minimum payments on even a few of his 20 credit cards. As noted above, this Complaint was filed only after reviewing the defendants' Petition and serving a Notice of a §2004 Hearing which Defendant did not appear for. The discovery which counsel engaged in further confirms this fact.

For the foregoing reasons, it is respectfully submitted that Chase has set forth more than substantial justification for the filing of the within Complaint.

### CONCLUSIONS

For the foregoing reasons, it is respectfully submitted that this Honorable Court to enter a judgment against Defendant, OTHMANE BENDAOUD, pursuant to 11 U.S.C. §523 (a)(2)(A) determining that $7,727.71 owed to Plaintiff is nondischargeable, together with interest from the date of the filing of the bankruptcy, along with its costs and reasonable attorney's fees.

Respectfully submitted,
**KILSTEIN & KILSTEIN, L.L.C.**
Attorneys for Plaintiff

BY: RICHARD J. KILSTEIN, ESQ.